IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

RICHARD PUCCI, )
       Plaintiff, )
)
v. ) Case No.: 18-cv-5719
) Hon. Judge Joan H. Lefkow
WELLS FARGO INSURANCE SERVICES, INC., ) Plaintiff demands trial by jury
and WELLS FARGO INSURANCE SERVICES )
USA, INC., n/k/a USI INSURANCE SERVICE )
NATIONAL, INC., )
       Defendant. )

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO
DISMISS FIRST AMENDED COMPLAINT**

**NOW COMES** the Richard Pucci, ("Pucci") by and through his attorney, John L. Malevitis, Esq, of MLA Law Offices, Ltd., and in response to Defendant Wells Fargo Insurance Services, Inc., ("Wells Fargo") and Defendant Wells Fargo Insurance Services USA, Inc., n/k/a USI Insurance Services National, Inc., ("USI") Motion to Dismiss Plaintiff's First Amended Complaint, ("FAC") here states as follows:

"A solution, looking for a problem" …that is what the Defendants have presented with its Motion to Dismiss Plaintiff's First Amended Complaint. The only problem for the Defendants…there is no problem with the Plaintiff's First Amended Complaint. The Defendants argument that the FAC fails to allege sufficient facts to state a cause of action in Counts I through IV which allege fifty-four (54) paragraphs of well-pleaded facts is simply specious, disingenuous and devoid of merit.

Specifically, in Count I of the FAC, the Plaintiff has properly pleaded the requisite elements to state a cause of action for Breach of Contract. The Defendant claims that the Plaintiff's FAC fails to state a claim because it fails to allege the contract or provisions on

which the claim is based, fails to allege that the Plaintiff performed his obligations and fails to allege damages, all arguments equally unpersuasive, without merit, and with conscious disregard to the rules governing pleadings in federal court.

It is quite apparent that Defendants refuse to read and/or acknowledge paragraphs 1 through 18 of the FAC, which clearly allege a plethora of legally sufficient facts to support a breach of contract claim. Specifically, paragraph 16 through 18 allege wrongful conduct of the defendant and the ensuing breach of contract as a direct result. The Plaintiff further alleges that the conduct of the Defendants rendered both agreements at issue unconscionable and legally unenforceable. Lastly, and of equal significance, the Plaintiff's FAC alleges damages in excess of $2,000,000.00.

Therefore, it is clear that the Plaintiff's FAC alleges legally sufficient facts within the rules governing pleadings in federal court. The Plaintiff pleads legally sufficient facts which establish his breach of contract claim by not only putting the Defendant on notice of the claim, but specifically alleging in paragraphs 1 through 18 the specific and wrongful conduct committed by the Defendants under the contracts and/or agreements at issue and as recited in Exhibit A, (document #4, pgs. 17-21) and Exhibit B, document #4, pgs. 22-35) both attached to the FAC (document #4, pgs. 2-16). Hence, it is evident that Count I of the Plaintiff's FAC is pleaded as and sufficiently alleges a valid cause of action for breach of contract.

The Plaintiff has not pleaded an action for declaratory judgment as the Defendants suggest, but instead clearly alleges the existence of a contract between the Plaintiff and the Defendants, a breach of those terms by the Defendants' underhanded, deceitful and fraudulent conduct which rendered the contract "unconscionable," and resulting damages

suffered by the Plaintiff. The Defendants' entire motion to dismiss the Plaintiff's FAC makes it evident that the Defendants have forgotten that they caused this case to be removed to federal court, and the pleading requirements in state court and federal court are significantly different. The Plaintiff's FAC need only contain a, "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8 (a) (2). Fed. R. Civ. P. 8 (d) (1) states that "each allegation must be simple, concise and direct." While specific facts are not necessary, the complaint must, "give the defendant fair notice of what the claim is and the grounds upon which it rests." **Eirckson v. Pradus,** 551 U.S. 89 (2007). Under federal practice, unlike under Illinois state court practice, a party is required to plead only the general contours of a claim or defense. The Plaintiff's allegations contained in the FAC are well within the rules governing pleadings in federal court.

Likewise, Count II of the Plaintiff's FAC properly pleads legally sufficient facts upon review of paragraphs 19 through 28. In Count II of the FAC, the Plaintiff pleads all of the requisite elements for violation of the Illinois Consumer Fraud and Deceptive Practice Act, (hereinafter referred to as the "ACT") to wit: paragraphs 20, 22, 23, 24, 25, 26, 27, and 28. Furthermore, the Plaintiff has specifically alleged a violation of 815 ILCS 505/1, which is the aforementioned Act. Defendants instead contend that somehow the "Act" should be disregarded to suit their motion to dismiss because the Plaintiff has pleaded a claim that, according to the Defendants, "sounds in fraud" and creates a heightened pleading standard for fraud claims under Federal Rule of Civil Procedure 9 (b). However, this is a blatant mis-characterization by the Defendants' attorneys of the cause of action alleged in Court II, as Count II is without any ambiguity and pleaded

3

pursuant to the "Act." A plaintiff must allege facts that rise to the level of plausibility by providing enough facts from which malice might reasonable be inferred" in pleading a claim for fraud. **Schatz v. Republican State Leadership Comm.,** 669 F.3d 50, 58 (1st Cir. 2012). This without question has been met by an abundance of factual allegations pleaded in the Plaintiff's FAC.

Moreover, paragraph 25 of the Plaintiff's FAC alleges the specific acts and conduct of deception, fraud, false pretense, false promise, misrepresentation and/or the concealment, suppression or omission of material facts with the intent that the Plaintiff rely upon the concealment, suppression, and omission of these material facts and that the Plaintiff was misled, deceived and damaged as a result of this illegal conduct.

Additionally, the Defendants contend that Count II is time barred by the statute of limitations, even though the FAC clearly alleges that after November 2014 the Plaintiff discovered the illegal conduct and activities of the Defendants, and the original lawsuit filed by the Plaintiff in state court in November of 2017 was clearly within statute of limitations. (paragraph 25). Additionally, the Defendants' Notice of Removal, document #4, pg. 1, which was filed on 08/21/18, and provides in Paragraph 1, "Plaintiff Richard Pucci filed his original complaint on November 17, 2017." Clearly Count II is not time barred by the statute of limitations but is yet another glaring example of the Defendants' meritless contention proffered in the case at bar.

Next, Count III of the Plaintiff's FAC properly pleads legally sufficient facts for fraud, deceit and fraudulent misrepresentation as evidenced in the allegations contained in paragraphs 29-41. Specifically, the Plaintiff pleads a deceitful and fraudulent scheme of conduct by the Defendants in paragraphs 30-31. Plaintiff also pleads that he was unaware

of this fraud and deceit perpetuated by the conduct of the Defendants (paragraph 32) and thereafter learned of various acts of fraud and deceit committed by the Defendants (paragraphs 33-35). Further, that at the time of the deceitful conduct committed by the Defendants, the Defendants knew the statement were false and believed the statements to be false, (paragraph 37) and the Defendants made the statements with the intent to induce the Plaintiff to enter the purchase contract and settlement agreements at issue; (paragraphs 37-38); the Plaintiff believed the statements of the Defendants to be true and in justifiable reliance on the truth of the statements made to him by the Defendants; and in so relying upon the statements was induced to enter the agreement with the Defendants. (paragraph 39). As throughout each four (4) counts and fifty-four (54) paragraphs of the Plaintiff's FAC, the Plaintiff pleads damages as a result of the illegal conduct of the Defendants in Count III.

Similarly, Count IV of the FAC properly pleads legally sufficient facts for fraudulent concealment as alleged in paragraphs 42 through 54. Specifically, paragraph 43 alleges the date that the Defendants knowingly concealed, withheld and/or omitted from the Plaintiff crucial and material facts, i.e., that the Defendants were engaged in illegally changing and falsifying business records and documents concerning commissions owed to the Plaintiff. (paragraph 43). The Plaintiff further alleges that Defendants instructed a named employee of the Defendants to engage in this illegal activity per their orders and directive. (paragraph 44).

Furthermore, the Plaintiff alleges in paragraph 45 of the FAC that after executing the purchase agreement, (Exhibit B) the Defendants amended the agreement without securing the necessary signature of the Plaintiff, and this in effect altered the amount due

to the Plaintiff while the Defendants were fully aware of the financial advantage it had gained as a result of their illegal activities. (paragraphs 45-46). The Plaintiff further alleges in paragraphs 47-49 that the Defendants were in possession of damaging information that some of its top executives had engaged in fraudulent, deceptive and illegal activity in violation of the law and of the Securities Exchange Commission, ("SEC") and further intentionally and deliberately concealed this information from the Plaintiff with the intent to deceive the Plaintiff and induce him to sign the purchase agreement herein. (Exhibit B, document #4, pgs. 22-35).

Under Illinois law, in order for a plaintiff to demonstrate fraudulent concealment, it must prove by clear and convincing evidence: 1.) the concealment of a material fact; 2.) that the concealment was intended to induce a false belief under circumstances creating a duty to speak; 3.) that the innocent party could not have discovered the truth through a reasonable inquiry or inspection or was prevented from making a reasonable inquiry or inspection, and relied upon the silence as a representation that the fact did not exist; 4.) that the concealed information was such that the injured party would have acted differently had he been aware of it; and 5.) that reliance by the person from whom the fact was concealed led to his injury. **Trustees of AFTRA Health Fund v. Biondi,** 303 F.3d 765, 777 (7th Cir. 2002) (citing **Schrager v. North Community Bank,** 767 N.E. 2d 376, 381-82 (1st Dist. 2002). The Plaintiff's FAC alleges a contractual relationship between the Plaintiff and the Defendants which gives rise to and imposes upon the Defendants a duty to disclose material facts to the Plaintiff. A duty to disclose material facts arises when the parties have a "special or fiduciary relationship which would raise a duty to speak." **Greenberger v. Geico Gen Ins. Co.,** 631 F.3d 392, 40 (7th Cir. 2011) (citing **Neptuno**

**Treuhand-Und Verwaltungsgesellschaft Mbh v. Arbor,** 692 N.E. 2d 812, 817 (1st Dist. 1992). There is no duty to speak absent a fiduciary or other legal relationship between the parties. **Neptuno** at 817. The Plaintiff's FAC has alleged a "legal relationship" that existed throughout all four (4) counts and fifty-four (54) paragraphs of his complaint.

The Plaintiff has fulfilled his pleading requirements in the FAC under federal law by properly stating a cause of action in each of the four (4) counts pleaded herein and for these reasons, this Court should deny the Defendant's Motion to Dismiss the Plaintiff's First Amended Complaint.

**WHEREFORE,** the Plaintiff, Richard Pucci, by and through his attorney, John L. Malevitis, Esq. of MLA Law Offices, Ltd., requests that this Court deny Defendant's Motion to Dismiss Plaintiff's First Amended Complaint.

Respectfully submitted,

s/ John L. Malevitis, Esq.

MLA Law Offices, Ltd.
3450 South Halsted Street
Suite 209
Chicago, Illinois 60608
312/258-1100
A.R.D.C. #: 6184398

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of October 2018, I electronically filed the foregoing **PLAINTIFF'S RESPONSE TO DEFENDANTS MOTION TO DISMISS FIRST AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF system, which will send a copy of such filing to the following attorney at the following e-mail address: Melody L. Gaal, Esq., Tabet DiVito & Rothstein LLC, mgaal@tdrlawfirm.com

s/ John L. Malevitis, Esq.